**ORIGINAL**

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813



FILED
DISTRICT COURT OF GUAM
SEP 17 2003
MARY L. M. MORAN
CLERK OF COURT

Attorneys for Claimant and Plaintiff-in-Intervention
RRG International, Inc.

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHELL GUAM, INC., | CIVIL CASE NO. 03-00029 |
| Plaintiff and Counter-defendant, | |
| vs. | **NOTICE OF MOTION AND MOTION TO INTERVENE; PROPOSED COMPLAINT IN INTERVENTION** |
| F/V PALAU MARU NO. 1, | |
| Defendant and Counter-claimants, | |
| and | |
| RRG INTERNATIONAL, INC. | |
| Claimant and Plaintiff-in-Intervention. | |

PLEASE TAKE NOTICE, on **OCT 10 2003** at *10:00* a.m./p.m. or as soon thereafter as counsel can be heard, RRG International, Inc. will move this Court, pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, for an order permitting RRG International, Inc. ("RRG") to intervene as a plaintiff in this action. RRG will plead claims of maritime lien against the defendant Vessel, Palau Maru #1, that Vessel now being within the jurisdiction of this Court and

3156674.1.056433-00001

under arrest. Grounds for this Motion and the maritime liens are that RRG has supplied necessaries to the defendant Vessel, and the disposition of this action might impair or impede RRG's ability to protect its interests, which appear more fully in the proposed complaint annexed hereto as Exhibit A. Furthermore, RRG's interest may be competing with the interests of plaintiff Shell and other parties with claims against the vessel.

Dated this 17th day of September 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Claimant and Plaintiff-in-Intervention
RRG International, Inc.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Claimant and Plaintiff-in-Intervention
RRG International, Inc.

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHELL GUAM, INC., ) | CIVIL CASE NO. 03-00029 |
| ) | |
| Plaintiff and Counter-defendant, ) | |
| ) | **COMPLAINT IN INTERVENTION** |
| vs. ) | |
| ) | |
| F/V PALAU MARU NO. 1, ) | |
| ) | |
| Defendant and Counter-claimants, ) | |
| ) | |
| and ) | |
| ) | |
| RRG INTERNATIONAL, INC. ) | |
| ) | |
| Claimant and Plaintiff-in-Intervention. ) | |
| ) | |

Claimant and Plaintiff in Intervention RRG International, Inc. for its complaint in intervention, alleges as follows:

1. This is an action to enforce a maritime lien. The action is within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9 (h).

2. RRG International, Inc. ("RRG") is a Guam corporation doing business on Guam.

3. F/V Palau Maru (the "defendant Vessel") is now, and during the pendency of these proceedings will be, within this District and within the jurisdiction of this Court.

4. RRG has supplied necessaries to the vessel for which no payment has been received. Specifically, RRG has supplied bunkers worth $12,500.00 and bait worth $13,000.00. In addition, RRG has been supplying fuel to keep the generators and bait freezers operational while the vessel remains under arrest. To date, RRG has advanced approximately $2,500.00 for this purpose.

5. Despite RRG's demands for payment, neither the owner, agents or master of the defendant Vessel have paid the sums due and owing or any part thereof, and RRG has not received payment from any person. Therefore, these outstanding amounts, together with interest thereon, are presently due and owing to RRG.

6. Under maritime law RRG has maritime liens against defendant Vessel for the sums alleged herein, together with interest and costs.

7. On July 31, 2003, Shell Guam, Inc. filed a complaint in this Court alleging that the defendant Vessel and its owner have failed to pay Shell $66,827.14 with interest thereon for bunkers. Shell asserts a maritime lien for this amount.

8. In its complaint, Shell prayed for, and obtained, issuance of process against the defendant Vessel. As a result, the defendant Vessel was arrested and remains so under the care of a Court-appointed substitute custodian.

9. Under maritime law, RRG's claims, having their bases later in time than Shell's claims, have priority over any and all claims made in this action by plaintiff Shell.

WHEREFORE, plaintiff-in-intervention RRG prays:

That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court enter an order authorizing a warrant for the arrest of the defendant Vessel, together with all of the boilers, engines, machinery, masts, spars, sails, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, fittings, equipment and all other appurtenances there unto appertaining or belonging, and also any and all additions, improvements and replacements hereafter, made in or to the Vessel, or any part thereof, in or to her equipment and appurtenances aforesaid;

That a warrant be issued thereupon;

That RRG be declared the holder of a maritime lien on the defendant Vessel to the extent of its claims stated herein, and that any and all other pre-existing claims asserted against the defendant Vessel be subordinated to RRG's claims;

That judgment for condemnation and sale be entered against the defendant Vessel and its fish catch, or against the fund created by the sale of the defendant Vessel and fish catch;

That the Court order judgment in favor of Plaintiff-in-Intervention RRG against the defendant Vessel in rem for (1) all sums due and owing on the maritime lien on the defendant Vessel and/or on the foreclosure thereof; (2) other sums due and payable thereunder including without limitation, sums paid for Vessel care and preservation from and after the date of commencement of this action; and (3) costs and expenses of this proceeding and for reasonable attorneys' fees incurred herein;

That this Court decree that any person, firm or corporation claiming any interest in the defendant Vessel be forever barred and foreclosed as to any right, equity, right of redemption, claim or lien in or to said defendant Vessel, and every part thereof;

That RRG have such other and further relief as may be just and proper.

Dated this _____ day of September 2003.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
Attorneys for Claimant and Plaintiff-in-Intervention
RRG International, Inc.

## VERIFICATION

I, David Ledger, declare:

1. I am an attorney at law admitted to practice before this Court.

2. My professional office is located at 134 West soledad Avenue, Bank of Hawaii Building, Suite 401, Hagåtña, Guam 96910.

3. I am one of the attorneys of record for claimant and plaintiff-in-intervention RRG International, Inc.

4. Said claimant and plaintiff-in-intervention is absent from the territory of Guam and for that reason and due to time constraints, I am authorized to make this verification on its behalf.

5. I have read the foregoing complaint in intervention and am informed and believe the content thereof is true. This information and belief is based upon documents, statements and other information provided to me by agents of claimant and plaintiff-in-intervention and on those grounds, I declare under penalty of perjury that the foregoing is to the best of my knowledge true and correct.

Executed this _____ day of September 2003.

_____
DAVID LEDGER