ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Claimant and Plaintiff-in-Intervention
RRG International, Inc.



FILED
DISTRICT COURT OF GUAM
OCT 29 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SHELL GUAM, INC., <br><br> Plaintiff and Counter-defendant, <br><br> vs. <br><br> F/V PALAU MARU NO. 1, <br><br> Defendant and Counter-claimants, <br><br> and <br><br> RRG INTERNATIONAL, INC., <br><br> Claimant and Plaintiff-in-Intervention. | CIVIL CASE NO. 03-00029 <br><br> **VERIFIED COMPLAINT IN INTERVENTION; DECLARATION OF SERVICE** |

       Claimant and Plaintiff in Intervention RRG International, Inc. for its complaint in intervention, alleges as follows:

       1.    This is an action to enforce a maritime lien. The action is within the admiralty and maritime jurisdiction of this Court within the meaning of Federal Rule of Civil Procedure 9 (h).

4841-1188-8640.1.056433-00001

2. RRG International, Inc. ("RRG") is a Guam corporation doing business on Guam.

3. F/V Palau Maru (the "defendant Vessel") is now, and during the pendency of these proceedings will be, within this District and within the jurisdiction of this Court. The Vessel is now under arrest and in the custody of a court-appointed substitute custodian.

4. RRG has supplied necessaries to the vessel for which only partial payment has been made. Specifically, RRG has supplied the following items: (1) repairs to main engine and machinery - $25,000.00; (2) bait - $48,845.00; (3) fuel and lube oil - $40,004.00; (4) crew wages and expenses - $46,400.00; (5) fishing captain wages and expenses - $16,900.00; insurance - $14,850.00 and (5) fishing permit - $11,500.00; TOTAL = $203,499.00. Of this total amount, RRG has been paid only $95,833.67.

5. Despite RRG's demands for payment, neither the owner, agents or master of the defendant Vessel have paid the remaining amount due and owing of $107,665.33, nor any part thereof, and RRG has not received payment from any other person. Therefore, the outstanding amount, together with interest thereon, is presently due and owing to RRG.

6. Under maritime law RRG has a maritime lien against defendant Vessel for the value of the necessaries supplied but not paid for together with interest and costs.

7. On July 31, 2003, Shell Guam, Inc. filed a complaint in this Court alleging that the defendant Vessel and its owner have failed to pay Shell $66,827.14 with interest thereon for bunkers. Shell asserts a maritime lien for this amount.

8. In its complaint, Shell prayed for, and obtained, issuance of process against the defendant Vessel. As a result, the defendant Vessel was arrested and remains so under the care of a Court-appointed substitute custodian.

9. RRG supplied the above listed necessaries after Shell supplied the bunkers for which Shell alleges a maritime lien and seeks payment.

10. Therefore, under maritime law, RRG's claim and maritime lien have priority over any and all of Shell's alleged claims and lien.

WHEREFORE, plaintiff-in-intervention RRG seeks judgment as follows:

1. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court enter an order authorizing a warrant for the arrest of the defendant Vessel, together with all of the boilers, engines, machinery, masts, spars, sails, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, fittings, equipment and all other appurtenances there unto appertaining or belonging, and also any and all additions, improvements and replacements hereafter, made in or to the Vessel, or any part thereof, in or to her equipment and appurtenances aforesaid.

2. That a warrant be issued thereupon.

3. That RRG be declared the holder of a maritime lien on the defendant Vessel to the extent of its claims stated herein.

4. That RRG's lien be deemed to have priority over any and all claims and liens, including but not limited to those asserted by Shell.

5. That judgment for condemnation and sale be entered against the defendant Vessel and its fish catch, or against the fund created by the sale of the defendant Vessel and fish catch.

6. That RRG be permitted to purchase the vessel at the Marshal's sale by way of credit bid in the amount of its claim and lien as plead herein.

7. That the Court order judgment in favor of Plaintiff-in-Intervention RRG against the defendant Vessel in rem for (1) all sums due and owing on the maritime lien on the defendant Vessel and/or on the foreclosure thereof; (2) other sums due and payable thereunder including without limitation, sums paid for Vessel care and preservation from and after the date of commencement of this action; and (3) costs and expenses of this proceeding and for reasonable attorneys' fees incurred herein.

8. That this Court decree that any person, firm or corporation claiming any interest in the defendant Vessel be forever barred and foreclosed as to any right, equity, right of redemption, claim or lien in or to said defendant Vessel, and every part thereof.

9. That RRG have such other and further relief as may be just and proper.

Dated this 29th day of October 2003 at Hagåtña, Guam.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
Attorneys for Claimant and Plaintiff-in-Intervention
RRG International, Inc.

## VERIFICATION

I, Robert Ho, declare:

1. I am the President of RRG International, Plaintiff in intervention in this action.

2. My office is located at Cabras Highway, Commercial Port, Warehouse 1, Unit 2, Piti, Guam 96915.

3. I have read the foregoing complaint in intervention and am informed and believe the content thereof is true.

4. I declare under penalty of perjury that the foregoing is to the best of my knowledge true and correct.

Executed this 29th day of October 2003 at Hagåtña, Guam.

_____
ROBERT HO

SUBSCRIBED AND SWORN to before me, a Notary Public, this 29th day of October 2003, by Robert Ho.

_____
NOTARY PUBLIC

JUNE MARIE CRUZ
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: April 8, 2006
#456 Chalan Canton Tutujan, Sinajana, Guam 96910

## DECLARATION OF SERVICE

I, David Ledger, hereby declare, under the penalty of perjury of the laws of the United States, that on the 29th day of October 2003, I caused to be served via hand delivery a true and correct copy of the foregoing **COMPLAINT IN INTERVENTION; DECLARATION OF SERVICE** upon:

>Steven A. Zamsky, Esq.
>Zamsky Law Firm
>Suite 801, GCIC Building
>414 West Soledad Avenue
>Hagåtña, Guam 96910

Executed this 29th day of October 2003 at Hagåtña, Guam.

_____
DAVID LEDGER